**Martin S. and Esther WIRKKALA,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 2401.**

United States District Court
W. D. Washington, S. D.

Feb. 23, 1960.

Maguire, Shields, Morrison, Bailey & Kester and Ralph R. Bailey, Portland, Or., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Fred J. Neuland, Thomas A. Frazier, Jr., Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Seattle, Wash., and Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for defendant.

BOLDT, District Judge.

By this action plaintiffs seek recovery of income taxes paid under protest on deficiencies assessed for the years 1952, 1953 and 1954. The question for decision is whether plaintiffs acquired the necessary proprietary interest in logs cut pursuant to the contracts involved for capital gain treatment under Int. Rev.Code of 1939, § 117, 26 U.S.C.A. § 117, and Int.Rev.Code of 1954, § 631, 26 U.S.C.A. § 631, on income derived from sale of the logs in the years in question. Plaintiffs so assert. The government contends plaintiffs were merely a contract service logger.

Fair market value of the logs in question having been stipulated, no controlling facts are in dispute. In all material respects the facts are identical to those in United States v. Johnson, 9 Cir., 1958, 257 F.2d 530, with a single exception. The contract in the Johnson case gave the logger an option, but not the obligation, to sell cut logs to the owner of the timberlands. In the present case the contract provided that plaintiff logger deliver logs cut to Weyerhaeuser, the owner of the timberland, for a first refusal option to purchase the logs. In these circumstances neither an extended recitation of the facts of the instant case, as set out in detail in the pretrial order, nor a recital of the facts of the Johnson case is necessary.

The recent Johnson decision is determinative of the present case unless the single fact difference referred to alters the applicability of Int.Rev.Code of 1939, 117(k). All other facts in the instant case present substantially as strong a position for the taxpayer as those in the Johnson case. By provisions of the contract now under consideration, Weyerhaeuser as owner of the timberland conveyed the right to cut merchantable timber to plaintiffs who were required to pay for all such timber whether removed or not. All of the incidents of ownership, whether advantages or disadvantages, were acquired by plaintiffs. The contract gave Weyerhaeuser the option of first refusal to purchase the logs at current market price. If the option was not exercised plaintiffs were free to sell the logs on such terms, condition and price as they saw fit. The first refusal option retained by the owner of the timberland, in itself, did not prevent the passage of title to plaintiffs as logs were cut. If Weyerhaeuser did not elect to purchase the logs, plaintiffs had them for their disposal as best they could. The contract as a whole and all the circumstances make it plain that from the moment of cutting, if not before, title in the logs vested in plaintiffs. This factor clearly distinguishes Carlen v. Commissioner, 20 T.C. 573, affirmed 9 Cir., 1955, 220 F.2d 338, and Ellison v. Frank, 9 Cir., 1957, 245 F.2d 837, relied on by the government.

Under the rationale of the Johnson decision, plaintiffs were entitled to capital gain treatment on the income from sale of the logs in question.

The recent Court of Claims decision in Gilmore v. United States, Ct.Cl., 180 F. Supp. 354, is cited by plaintiffs as following the Johnson decision with approval, which it does. However, the factor of substantial control over the log cutter, not present in the instant case, renders the Gilmore decision of questionable value. If taken in entirety the Gilmore case goes well beyond anything required to support plaintiffs' recovery in the present case.

Findings, conclusions and judgment in accordance herewith may be presented at the convenience of counsel.